124 June 4, 2025 No. 502

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ALLEN BROWN,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR36501; A179515

Ann M. Lininger, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal action, the trial court found defendant guilty of aggravated theft in the first degree, among other crimes, after a bench trial arising out of a fraudulent bottle-deposit scheme. In a single assignment of error, defendant challenges the sufficiency of the evidence supporting the first-degree aggravated theft conviction and does not challenge any of his other convictions. Specifically, defendant contends that the trial court erred by denying his motion for judgment of acquittal because, in his view, the state presented insufficient evidence that he actively participated in the bottle-deposit scheme. After reviewing the parties' arguments and the record, we affirm.

As an initial matter, because the parties are familiar with the underlying procedural and historical facts, we do not provide a detailed recitation for this nonprecedential memorandum opinion. In reviewing a challenge to the sufficiency of the evidence, we examine the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

On appeal, defendant contends that the state failed to prove that he committed theft of property worth over $10,000 because the evidence that he was near, or in "mere proximity" to, evidence of the bottle-deposit fraud scheme was insufficient and that, even if the state's evidence could establish that he possessed the cash that was in the house, there was insufficient evidence that he obtained it through the fraudulent scheme and not by lawful means. The state remonstrates that the direct and circumstantial evidence of the source of the cash and defendant's possession of the cash was sufficient for the court to deny defendant's motion for judgment of acquittal. We conclude that the trial court did not err.

We begin by noting that defendant does not challenge the trial court's finding that Taylor, who also lived

in the house with defendant, was running an extensive theft scheme that used a stolen Oregon Bottle Drop kiosk to print fraudulent receipts that were later exchanged for cash at various stores. The evidence detectives found in defendant's home included a dismantled kiosk in the living room, a printer with the specialized Oregon Bottle Drop paper, notebooks containing information about the scheme, approximately 200 fraudulent Bottle Drop receipts, and envelopes of cash totaling almost $98,000 throughout the home. Specifically, detectives found over $46,000 in cash in the bedroom that defendant shared with Taylor, with a large portion of it in a bag on defendant's side of the bed.

In short, given the evidence that the detectives found in the home, combined with other evidence—including defendant's statements, his sister's testimony, evidence found in his car, and evidence of his financial circumstances—we conclude that the trial court did not err by denying defendant's motion for judgment of acquittal. That is, there is direct and circumstantial evidence from which a rational factfinder could conclude that defendant's knowledge of—and participation in—the fraudulent scheme gave rise to a reasonable inference that he committed theft of property worth over $10,000. *See State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998) (explaining that, in analyzing the sufficiency of the evidence, an appellate court "make[s] no distinction between direct and circumstantial evidence as to the degree of proof required").

Affirmed.